IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

TATKO BIOTECH, INC., )
 )
            **Plaintiff,** )
 )
v. ) No. 04 C 8178
 )
FLEXIBLE SOLUTIONS )
INTERNATIONAL, INC., )
 )
            **Defendant.** )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Flexible Solutions International, Inc.'s ("Flexible") renewed motion to dismiss or in the alternative to abstain. For the reasons stated below, grant Flexible's motion to dismiss.

## BACKGROUND

Plaintiff Tatko Biotech, Inc. ("Tatko") alleges that it owns a patent to an agricultural product and owned 100,000 shares of Flexible stock. Tatko also alleges that it entered into an agreement ("development agreement") with Flexible regarding the cooperative development of a certain product. Tatko claims that on June 3, 2004, July 26, 2004, and August 20, 2004, it demanded that Flexible transfer Tatko's

1

stock certificate in the Flexible stock. According to Tatko, Flexible failed to transfer the stock certificate and the stock price has since dropped. Tatko asserts that Flexible refuses to transfer the stock because Flexible believes that Tatko breached the development agreement. Tatko asserts that Flexible does not have any legal right to a lien on the stock that would allow Flexible to refuse to allow a transfer. Tatko filed the instant action and requests that the court enter an order directing Flexible to transfer Tatko's stock certificate to a broker for sale to the public and to compensate Tatko for the delay in the transfer.

On July 23, 2004, prior to the commencement of the instant action, Flexible, the defendant in the instant action, filed an action against Tatko in the Circuit Court of Cook County, Illinois ("July 2004 action"). Flexible contends that the claim brought against Tatko in the July 2004 action is a breach of contract claim based upon Tatko's alleged failure to perform its obligations under the development agreement. Tatko removed the July 2004 action to the Northern District of Illinois in October of 2004 and the action was subsequently remanded back to state court where it remains pending.

After the July 2004 action was remanded, Tatko filed the instant action in the Central District of Illinois. A district court judge in the Central District of Illinois transferred the instant action to the Northern District of Illinois because the Central District judge found that there was a close connection between the instant action and the July 2004 action. The district judge indicated that the instant action could be

consolidated with the July 2004 action and that Tatko's claims in the instant action could be incorporated into the July 2004 action as counterclaims. Flexible has now filed a motion to dismiss.

## DISCUSSION

### I. Tatko's Unsubstantiated Complaints

Tatko spends portions of its most recent brief complaining about Flexible's arguments and Flexible's supposed hidden beliefs in regards to abstention, but Tatko fails to provide any basis for its complaints. It is not clear exactly what relief Tatko intends to obtain from the court through these allegations, particularly since Tatko has no evidence that Flexible has not presented its arguments in good faith. Nevertheless, we shall briefly address a few of the complaints made by Tatko in order to shed light upon the various unsubstantiated allegations and statements made by Tatko and ensure that there is a clear record in this action. Tatko, for example, complains that Flexible "knew very well the truly exceptional nature of *Colorado River* abstention and that it has no application in this ca [sic]" and that Flexible "stubbornly maintains" its positions. (T Supp. 9). However, Tatko provides no evidence to support its contention regarding what Flexible "knew" in regards to the application of the abstention doctrines. Neither does Tatko explain why Flexible is somehow acting contrary to the law merely by continuing to "stubbornly" present a

defense in this action. Tatko also claims that Flexible "has *avoided* discussion of the application of *Colorado River* to this case because it *recognizes* the doctrine does not allow abstention here." (T Supp. 9)(emphasis added). We find such an allegation to be unsupported by any evidence and Tatko would do well to respond to the legal arguments presented by Flexible rather than attacking Flexible by pointing to Flexible's supposed hidden motives and beliefs and how we can infer from the circumstances in this action what exactly Flexible "recognizes."

Tatko also fails to properly identify the content of Flexible's arguments. For instance, Tatko complains that after this court gave Flexible an opportunity to brief the issue of the applicability of the Colorado River Doctrine, Flexible "responded with a supplemental brief that again asserts *Younger* abstention is *the* ground on which its motion should be granted." (T Supp. 9)(emphasis added). Tatko misreads Flexible's motion. Tatko would have this court understand that Flexible remains adamant that "the" basis for its motion is the *Younger* abstention doctrine and that the Colorado River doctrine is not applicable in the instant action. In fact, Flexible merely mentions in the first few sentences of its argument section that the issue of abstention under the *Younger* doctrine has been fully briefed and then proceeds onward to state that "equally relevant to this case is the doctrine discussed by the Supreme Court in *Colorado River*." (F Supp 3). Flexible then provides a detailed analysis explaining why abstention is appropriate under the Colorado River doctrine. Tatko accuses Flexible of "avoid[ing]" issues, and complains that Flexible does not

4

really believe that its arguments have merit and that Flexible "stubbornly" refuses to acquiesce to Tatko. However, it is Tatko, rather than Flexible, that has avoided a discussion of the pertinent issues by attempting to create confusion and divert the court's attention to such tangential matters. The court will address the material issues at hand on the merits.

II. Colorado River Doctrine

Flexible argues that this court should abstain under the Colorado River doctrine. A district court may dismiss an action under the Colorado River doctrine "in exceptional circumstances where there is a concurrent state proceeding." *Blue Cross and Blue Shield of Ill., a Div. of Health Care Service Corp. v. Cruz*, 396 F.3d 793, 795-801 (7th Cir. 2005). In determining whether to abstain, the district court must "ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction." *Clark v. Lacy*, 376 F.3d 682, 685-89 (7th Cir. 2004). Under the Colorado River doctrine, the court must first determine that "the concurrent state and federal actions are actually parallel." *Id.* at 685. If the concurrent actions are found to be parallel the district court must determine whether exceptional circumstances exist. *Id.*

A. Whether there is a Parallel State Action Pending

5

Flexible argues that the July 2004 action is a parallel action. An action is deemed parallel if "substantially the same parties are litigating substantially the same issues simultaneously in two fora." *AAR Intern., Inc. v. Nimelias Enterprises S.A.*, 250 F.3d 510, 518 (7th Cir. 2001). The actions "need not be identical to be parallel," and the fact that additional parties are participating in one of the suits does not necessarily prevent a finding that the actions are parallel. *Id.*

The July 2004 action in state court involves the same parties. It also addresses substantially the same issues that are presented in the instant action. The central issue in both the July 2004 action and the instant action is whether Tatko breached the development agreement. Therefore, we find that the July 2004 action which is pending in state court is a parallel action.

## B. Exceptional Circumstances Factors

Since we have concluded that the July 2004 action is a parallel action we must examine the exceptional circumstances factors. To determine whether exceptional circumstances exist a court should consider the following non-exclusive list of factors: "(1) whether the state has assumed jurisdiction over property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the source of governing law, state or federal; (6) the adequacy of state-court action to protect the federal plaintiff's rights; (7) the relative progress of state and

federal proceedings; (8) the presence or absence of concurrent jurisdiction; (9) the availability of removal; and (10) the vexatious or contrived nature of the federal claim." *Clark*, 376 F.3d at 685.

In the instant action, this court has not assumed jurisdiction over any property involved in this action. Tatko has not shown that the instant court is inconvenient as compared to Circuit Court of Cook County, Illinois. The third factor weighs heavily in favor of abstaining in the instant action because by abstaining we shall avoid piecemeal litigation and the duplicative expenditure of judicial resources. It is undisputed that the July 2004 action, that is currently in state court, was filed before the instant action. The Circuit Court of Cook County, Illinois, has concurrent jurisdiction to address all of the parties' claims and this court merely has diversity subject matter jurisdiction in the instant action. The July 2004 action has progressed farther than the instant action. There have been three case management conferences in the July 2004 action and the instant action is at its initial stage. After examining all of the facts and circumstances in this action, and considering the above factors, we conclude that there are exceptional circumstances in this action that warrant abstention.

## CONCLUSION

Based on the foregoing analysis, we grant Flexible's motion to dismiss. All other pending motions are denied as moot.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 23, 2005